UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE S AVALOS-ARIAS,<br>Petitioner,<br>v.<br>JEREMY CASEY, et al.,<br>Respondents. | Case No. 26-cv-04018<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner filed a petition for writ of habeas corpus seeking immediate release. (Dkt. No. 1 ("Petition").) As averred in the Petition, and as Respondents do not dispute, Petitioner is a national of El Salvador who last entered the United States on or about May 27, 2013[1] and has continuously lived in the United States since that date. (*See id.* ¶ 1; *see also id.* at 17.)[2] Subsequent to his last entry to the United States, Petitioner was placed in removal proceeding and was released on bond. (*Id.* ¶¶ 21, 24.) Petitioner has not violated the terms of his release. (*Id.* ¶ 24.) Petitioner's release on bond necessarily reflects a determination that Petitioner posed neither a flight risk nor a danger to the community. *See Chang v. Mullin*, 26-cv-02218-JLS, 2026 WL 1045679, at *2 (S.D. Cal. Apr. 17, 2026). On June 24, 2026, Petitioner was detained by Respondents while at work, and is currently detained in the Imperial Regional Detention Facility. (Petition ¶¶ 23–24.) He filed the Petition a few weeks after that, seeking, among other things, his immediate release on the bases that his detention violates his Fifth Amendment right to procedural and substantive due process, the Administrative Procedure Act, and 8 U.S.C. § 1226(a).

In response to the Petition, Respondents take the "position that Petitioner is subject to

[1] The Petition elsewhere states that Petitioner last entered the United States in 2016. (Petition ¶¶ 20, 63.) This appears to be a clerical error, and the documents submitted in support of the Petition list Petitioner's date of entry as on or about May 27, 2013. (*Id.* at 17.)

[2] Citations to page numbers refer to ECF pagination.

mandatory detention under [8 U.S.C.] § 1225(b)(2)." (Dkt. No. 4 at 2.) However, they acknowledge that the Court has "repeatedly reached the opposite conclusion" in cases that are "not materially distinguishable for purposes of the Court's decision, and on that basis the government does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 2–3.)

Beginning with Petitioner's procedural due process challenge, it is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, No. 25-cv-02974-JO, 2026 WL 1112035, at *4 (S.D. Cal. Apr. 24, 2026). Section 1225(b)(2) authorizes mandatory detention "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). However, this provision does not apply to Petitioner because, at the time of his detention, "he was not at the border or a Port of Entry seeking admission to the United States" and had been living in the country for several years. *Martinez Zayas v. Gordon*, No. 26-cv-00237-BAS, 2026 WL 266275, at *3 (S.D. Cal. Jan. 30, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936–37 (N.D. Cal. 2025).[3] Thus, the *Mathews* factors weigh in favor of finding that Petitioner's re-detention violated his Fifth Amendment right to procedural due process. *See*, *e.g.*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM, 2026 WL 1194854, at *2–3 (S.D. Cal. May 1, 2026).

Accordingly, the Petition is **GRANTED**.[4] "When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require. To ensure that Petitioner's release pursuant to the Court's [] order is not rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. As a result, the relief

[3] There is a circuit split on the meaning of "seeking admission" under Section 1225(b)(2), which the Ninth Circuit has not yet addressed, and the undersigned is of the view that "seeking admission" does not refer to individuals like Petitioner who, at the time of their detention, were not arriving and seeking entry to the country and had been living here for years. *See Ibanez Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 1906353, at *2 (N.D. Cal. July 2, 2026).

[4] Therefore, this order does not reach the remaining Counts in the Petition.

ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted). The Court, therefore, **ORDERS** as follows:

- Respondents shall release Petitioner within **24 hours** of the filing of this Order and shall return all property that had been seized from him. The release shall be on the same terms and conditions as Petitioner's initial release on bond.
- Respondents shall not enroll Petitioner in an Alternative to Detention program or place an ankle monitor on him upon release.
- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

Petitioner also requests an award of attorneys' fees. The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment. Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: July 21, 2026

RITA F. LIN
United States District Judge